E-FILED
Monday, 10 February, 2020  09:26:06 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN THOMAS JACKSON,<br>    Plaintiffs, | )<br>)<br>) | |
| v. | ) | Case No. 20-CV-3033 |
| DR. FRANCIS KAYIRA, et. al.,<br>    Defendants. | )<br>)<br>) | |

CASE MANAGEMENT ORDER

This cause is before the Court for consideration of Plaintiffs' complaint, motion for appointment of counsel, and motion for emergency injunctive relief. [1, 5, 6].

I. MERIT REVIEW

The Court is required by 28 U.S.C. §1915A to screen the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff alleges his constitutional rights were violated at Graham Correctional Center when Dr. Francis Kayira, Healthcare Administrator Stefanie Howard, Warden Glen Austin, Administrator J. Dah Koger, and Assistant Warden Trish Coke were deliberately indifferent to his serious medical condition.

Specifically, Plaintiff reports several of his family members suffer from a rare, genetic condition called Multiple Endocrine Neoplasia Type 1 (MEN1) which "causes

1

tumors in the endocrine glands and parts of the small intestine and stomach."[1] The majority of the tumors are benign, but approximately one-third are cancerous and can spread to other parts of the body. (Comp., p. 27). In addition, the tumors can lead to an excessive release of hormones causing a wide variety of symptoms. (Comp., p. 27).

While MEN1 cannot be cured, doctors can provide treatment as needed. For instance, the tumors can be surgically removed, or medication can help suppress the growth and function of tumors. (Comp., p. 30).

Plaintiff's 81-page complaint with exhibits alleges Defendant Dr. Kayria repeatedly ignored symptoms and Plaintiff's requests for testing beginning in 2010. In late 2015 or early 2016, Plaintiff was approved for outside testing which confirmed he had tumors on his pancreas and lung. Plaintiff was then informed he had cancer. Plaintiff says the five-year delay contributed to his diagnosis.

It is also clear from the attachments Plaintiff was diagnosed with MEN1, but it is not clear when he was first diagnosed with the condition.

Plaintiff further claims the named Defendants then continued to interfere with needed medical care by ignoring the advice of specialists, refusing to provide medications, and canceling prescribed monthly injections to reduce hormone levels and tumors. Plaintiff says the Defendants are aware the injections are crucial to his survival.

---

[1] See MAYO CLINIC, MULTIPLE ENDOCRINE NEOPLASIA< TYPE 1, https://www.mayoclinic.org/diseases-conditions/men-1/symptoms-causes/syc-20353064 (last visited February 9, 2020)

Plaintiff says Dr. Kayira often noted the costs associated with the needed medical care. Plaintiff further alleges his treatment decisions were motivated by cost, not medical need.

Plaintiff has clearly alleged the named Defendants were deliberate indifference to his serious medical need. In addition, based on Plaintiff's allegations and his request for injunctive relief, the Court will also add Wexford Health Sources as a Defendant.

## II. MOTION FOR EMERGENCY INJUNCTIVE RELIEF

Plaintiff has also filed a Motion for a Temporary Restraining Order (TRO) and Preliminary Injunction. [5]. A TRO can be issued without notice to the party to be enjoined, but it may last no more than fourteen days. Fed. R. Civ. P. 65(b)(2). A court may only grant the motion if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). This relief is warranted "to prevent a substantial risk of injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). A TRO is an "emergency remedy" designed to "maintain the status quo until a hearing can be held on an application for a preliminary injunction." *Crue v. Aiken,* 137 F.Supp.2d 1076, 1082 (C.D.Ill. April 6, 2001).

On the other hand, a preliminary injunction can be issued only after the adverse party is given notice and an opportunity to oppose the motion. *See* Fed. R. Civ. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is

in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

The parties have not yet been served, but given the seriousness of Plaintiff's allegations, the Court will require the Illinois Attorney General's Office to provide a written response within 21 days of this order addressing Plaintiff's claims that he is not receiving prescribed injections within the required four week time period.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has also filed a motion for appointment of counsel. [5]. The Court notes Plaintiff has no constitutional right to the appointment of counsel and the Court cannot require an attorney to accept *pro bono* appointment in a civil case. Instead, the most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's specific motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

4

In this case, Plaintiff claims he has attempted to contact several attorneys, but has not received any response. Given the issues alleged in Plaintiff's complaint and motion for emergency injunctive relief, the Court will attempt to find counsel to represent him. [5]. Plaintiff will be notified if the Court is successful in it's attempts to find volunteer counsel. Until that time, Plaintiff will continue to represent himself.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges the Defendants were deliberately indifferent to his serious medical condition in violation of his Eighth Amendment rights. The claim is stated against the Defendants in their individual and official capacities. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If

5

Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on

Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**10) The Illinois Attorney General's Office will be notified of Plaintiff's allegations and motion for emergency injunctive relief on the date of this order. Defense counsel must file a written response to Plaintiff's claim that he is not receiving prescribed injections within the required four-week time period.**

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Add Wexford Health Services as a Defendant; 2) Grant Plaintiff's motion for recruitment of counsel, [5]; 3) Attempt service on Defendants pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling**

**deadlines and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 10th day of February, 2020.

                           s/ James E. Shadid
                     _____
                          JAMES E. SHADID
                      UNITED STATES DISTRICT JUDGE